UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, | Case No.: 13-CV-01805-LHK |
| Plaintiff(s), | |
| v. | ORDER TO SERVE DEFENDANTS |
| JP MORGAN CHASE, N.A., et al., | |
| Defendant(s). | |

On April 19, 2013, Plaintiff filed a Complaint in this action. ECF No. 1. The case was assigned to Magistrate Judge Paul Grewal. The summons was issued on May 7, 2013. ECF No. 6.

On May 13, 2013, Plaintiff filed an Ex Parte Application for an Order to Show Cause and Temporary Restraining Order ("Ex Parte Application"). ECF No. 7. Plaintiff seeks to prohibit Defendant JP Morgan Chase, N.A. ("JP Morgan") from engaging in a foreclosure sale of Plaintiff's property located in Sunnyvale, CA on Monday, May 20, 2013. *See id.* at 3. Plaintiff has not as of yet served any of the Defendants in this action with the Complaint, the Summons, or the Ex Parte Application.

1

Case No.: 13-CV-01805-LHK
ORDER TO SERVE DEFENDANTS

1     Plaintiff's attorney, Anita Steburg, has filed a declaration in which she states that, on May 10, 2013, representatives of Defendants JP Morgan, California Reconveyance Company, and LPS Agency Sales and Posting, Inc. directed Ms. Steburg to fax the Ex Parte Application to each Defendant. ECF No. 8 ("Steburg Decl."), ¶¶ 5-7. Ms. Steburg's Declaration merely states that three days later, on May 13, 2013, she faxed a letter to JP Morgan requesting that it state whether it intends to oppose the Ex Parte Application. *Id.* ¶ 8. It is not clear whether Ms. Steburg has faxed the actual Ex Parte Application to Defendants.

    Plaintiff provides no reason for not serving the Complaint, Summons, and Ex Parte Application on Defendants. The Court finds that Plaintiff's fax of a letter to JP Morgan requesting that JP Morgan state whether it intends to oppose the Ex Parte Application or fax of the Ex Parte Application itself is insufficient notice to the Defendants. *See* Federal Rule of Civil Procedure 65(b)(1) (providing that counsel must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required.").

    The case was reassigned to the undersigned judge on May 15, 2013.

    Plaintiff is ORDERED to serve Defendants with the Summons, Complaint, Ex Parte Application, and a copy of this Order by no later than 10:30 a.m. May 16, 2013. Defendants have until 2:30 p.m. to file their response to the Ex Parte Application.

**IT IS SO ORDERED.**

Dated: May 15, 2013

                              *Lucy H. Koh*
LUCY H. KOH
United States District Judge