UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, | Case No.: 13-CV-01805-LHK |
| Plaintiff(s), | |
| v. | SECOND ORDER TO SERVE DEFENDANTS |
| JP MORGAN CHASE, N.A., et al., | |
| Defendant(s). | |

On April 19, 2013, Plaintiff filed a Complaint in this action. ECF No. 1. The summons was issued on May 7, 2013. ECF No. 6.

On May 13, 2013, Plaintiff filed an Ex Parte Application for an Order to Show Cause and Temporary Restraining Order ("Ex Parte Application"). ECF No. 7. Plaintiff seeks to prohibit Defendant JP Morgan Chase, N.A. ("JP Morgan") from engaging in a foreclosure sale of Plaintiff's property located in Sunnyvale, CA on Monday, May 20, 2013. *See id.* at 3. However, Plaintiff did not serve any of the Defendants with the Complaint, the Summons, or the Ex Parte Application.

On May 15, 2013, the Court ordered Plaintiff to serve Defendants with the Summons, Complaint, Ex Parte Application, and a copy of this Order by no later than 10:30 a.m. May 16,

1

Case No.: 13-CV-01805-LHK
SECOND ORDER TO SERVE DEFENDANTS

2013.  The Court also ordered Defendantst to file their response to the Ex Parte Application by 2:30 p.m. on May 16, 2013.

Later in the day on May 15, 2013, Plaintiff's counsel, Anita Steburg, filed a Proof of Service in which she states that, on May 13, 2013 she faxed the Ex Parte Application, two declarations supporting the Ex Parte Application, and the [Proposed] Order (collectively, "Ex Parte Materials") to Defendants.  ECF No. 2.  Plaintiff did not, however, fax Defendants a copy of the Complaint.  Plaintiff's counsel states that, on May 15, 2013, she faxed the Ex Parte Materials, Summons, Complaint, and this Court's May 15, 2013 Order to Defendants.  *Id.*  Plaintiff's counsel states that faxing these materials constitutes service.  *Id.*

The Court is unaware of any rule permitting service of Summons by facsimile.  *See* Fed. R. Civ. Proc. 4(e)(1) (setting forth methods of service of summons); Cal. Code Civ. Proc. §§ 415.10, 415.20, 416.10 (setting forth methods of service of summons).  Furthermore, while other materials may be served by facsimile, they may only be served by this method when the other party has provided its written consent.  *See* Fed. R. Civ. Proc. 5(b)(2) (providing that pleadings and other papers may be served by "sending [them] by electronic means *if the person consented in writing*") (emphasis added); Cal. Civ. Proc. Code § 1013(e) ("Service by facsimile transmission shall be permitted *only where the parties agree and a written confirmation of that agreement* is made.") (emphasis added).  Plaintiff's counsel has not produced any written confirmation that Defendants have agreed to be served by facsimile.  Accordingly, Plaintiff's efforts to serve Defendants will not suffice.

Plaintiff is hereby ORDERED to serve Defendants with the Summons, Complaint, Ex Parte Materials, and this Court's May 15, 2013 and May 16, 2013 Orders by proper means by 2:00 p.m., today, May 16, 2013.  Defendant's shall respond to the Ex Parte Application by 5:00 p.m.

**IT IS SO ORDERED.**

Dated: May 16, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2

Case No.: 13-CV-01805-LHK
SECOND ORDER TO SERVE DEFENDANTS