UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER,            ) | Case No.: 13-CV-01344-LHK |
| )  | |
| Plaintiff,            ) | |
| ) | ORDER GRANTING APPLICATION |
| v.            ) | FOR TEMPORARY RESTRAINING |
| ) | ORDER |
| JP MORGAN CHASE, N.A., et al.,   ) | |
| ) | |
| Defendant(s).        ) | |
| ) | |

## I. BACKGROUND

On April 19, 2013, Plaintiff filed a Complaint in this action. ECF No. 1. Plaintiffs' Complaint alleges 22 causes of action against six Defendants JP Morgan Chase N.A., California Reconvenance Company, LPS Agency Sales and Posting Inc., Experian Information Solutions, Inc., Trans Union , LLC, and Equifax Information Services, L.L.C. Plaintiff alleges, in essence, that Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") has refused to accept Plaintiff's loan payments on his property, falsely reported to credit agencies that Plaintiff has defaulted on his loan payments, and is now seeking to foreclose on the property based on Plaintiff's non-payment.

Plaintiff states that, beginning sometime in 2007, JP Morgan began returning some of

1

Case No.: 13-CV-01344-LHK
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

1 Plaintiff's monthly payments on his real property located in Sunnyvale, California ("Property").
2 Brinker Decl. ¶ 6. Plaintiff states that JP Morgan subsequently contacted him regarding his failure
3 to make payments and that Plaintiff responded multiple times and provided proof of the payments.
4 *See id.* Plaintiff states that, beginning in approximately August 2011, JP Morgan began refusing
5 Plaintiff's payments altogether. *Id.* ¶ 10.

6 At an unspecified time, JP Morgan, through its agents, began mailing notices of JP
7 Morgan's intent to foreclose upon the Property to Plaintiff's tenants residing in the Property. *Id.* ¶
8 17. Plaintiff has made repeated attempts to contact JP Morgan regarding the errors relating to
9 Plaintiff's account and the foreclosure. *Id.* ¶ 19. JP Morgan has referred Plaintiff to Defendant
10 California Reconveyance Corporation. *Id.* ¶¶ 19-20. Defendant California Reconveyance
11 Corporation has, in turn, referred Plaintiff back to JP Morgan. *Id.* ¶ 20.

12 A Notice of Default was filed on Plaintiff's Property on December 17, 2012. *Id.* ¶ 11. On
13 April 4, 2013, Plaintiff received notice that a foreclosure sale would be held on May 20, 2013. *See*
14 Steburg Decl., Ex. D. The current amount outstanding on Plaintiff's loan is approximately
15 $22,011.50. *See id.*, Ex. B. Plaintiff's counsel, Anita Steburg ("Counsel"), represents that Plaintiff
16 has deposited approximately this amount with her in a client trust account. Steburg Decl. ¶ 4.

17 On April 9, 2013, Plaintiff filed his Complaint. On May 6, 2013, the Court granted
18 Plaintiff's Motion to Proceed In Forma Pauperis. ECF No. 4. On May 7, 2013, Summons was
19 issued. ECF No. 6. On May 13, 2013, Plaintiff filed an Ex Parte Application for an Order to Show
20 Cause and Temporary Restraining Order ("Ex Parte Application") requesting that the Court
21 prohibit JP Morgan from proceeding with the May 20, 2013 foreclosure sale. ECF No. 7.

22 On May 13, 2013, Counsel faxed the Ex Parte Application, Brinker and Steburg
23 Declarations, and the [Proposed] Order (collectively, "Ex Parte Materials") to Defendants. ECF
24 No. 12. Furthermore, in response to this Court's Order dated May 15, 2013, on May 15, 2013,
25 Counsel faxed Defendants the Ex Parte Materials again, as well as a copy of the Summons,
26 Complaint, and this Court's May 15, 2013 Order to Defendants (collectively, "Materials"). *Id.*
27 Moreover, in response to a subsequent Order issued by this Court on May 16, 2013, Counsel faxed
28 CT Corporation, who Counsel represents is the agent of service of process for all Defendants, the

2
Case No.: 13-CV-01344-LHK
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

Materials. *See* ECF No. 15. Counsel has additionally represented that hard copies of the Materials will be delivered to CT Corporation by May 17, 2013.

## II. LEGAL STANDARDS

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F.Supp.2d 1152, 1154 (D.Haw.2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F.Supp. 1320, 1323 (N.D.Cal.1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente,* 584 F.3d 1196, 1201 (9th Cir.2009). The issuance of a preliminary injunction is at the discretion of the district court. *Indep. Living Ctr. v. Maxwell–Jolly,* 572 F.3d 644, 651 (9th Cir.2009).

Federal Rule of Civil Procedure 65(b)(1) states that a court may issue a temporary restraining order without notice to the opposing party only if: "A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, Civil Local Rule 65–1(b) states that, unless relieved by the Court for good cause shown, "on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

## III. DISCUSSION

### A. Compliance with Rules Regarding Ex Partes

Plaintiff has submitted a verified complaint as Required by Rule 65(b)(1). Plaintiff's Counsel's declaration also establish that Plaintiff has made a number of attempts to provide notice to Defendants. The Court finds that Counsel's attempts to provide notice are sufficient under Rule 65(b)(1) and Local Rule 65-1(b).

3

Case No.: 13-CV-01344-LHK
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER

**B. Likelihood of Success**

The Court finds that, at this stage, Plaintiff has demonstrated a likelihood of success. Plaintiff has alleged and provided a declaration stating that since August 2011, Defendant has *refused* to accept Plaintiff's payments and is now seeking to foreclose upon Plaintiff's Property based on Plaintiff's failure to make his loan payments. Significantly, Plaintiff has deposited the entire amount of the outstanding balance in a client trust account and is, presumably, prepared to provide JP Morgan with the funds if JP Morgan will accept them. In light of these rather extraordinary circumstances, the Court finds that, at this stage, Plaintiff has demonstrated that Plaintiff is likely to prevail on Plaintiff's seventh cause of action for breach of contract and thirteenth cause of action for breach of the implied covenant of good faith and fair dealing. *See Transcription Commc'ns Corp. v. John Muir Health*, No. C 08-4418 TEH, 2009 WL 666943, at *5 (N.D. Cal. Mar. 13, 2009) (holding that in order to state a claim for breach of contract, Plaintiff must allege facts showing: (1) the existence of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach, and (4) damages to Plaintiff resulting from Defendant's breach); *Love,* 221 Cal. App. 3d at 1153 (holding that a breach of the implied covenant of good faith and fair dealing occurs where a "party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract").

**C. Remaining Requirements for Issuance of a TRO**

With respect to the remaining requirements for issuance of a TRO, the Court finds that, because Plaintiff's Property is likely to be sold at the foreclosure sale, Plaintiff has demonstrated that he is likely to suffer irreparable harm. *See Tapang v. Wells Fargo Bank, N.A.*, 12-CV-02183-LHK, 2012 WL 1894273 (N.D. Cal. May 23, 2012). Moreover, the balance of equities tips in Plaintiff's favor because, in the absence of preliminary injunctive relief, Plaintiff faces the sale of his property. In contrast, injunctive relief will only delay Defendant's sale of the Property. Finally, the public interest favors ensuring that Plaintiffs home is not foreclosed upon due to the

refusal of Plaintiff's lender to accept Plaintiff's loan payments.  Accordingly, this factor weighs in Plaintiff's favor as well.[1]

### IV.  CONCLUSION

The Court has found above that Plaintiff has demonstrated that she "is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter,* 555 U.S. at 20.  Thus, the Court GRANTS Plaintiff's request for a temporary restraining order.

Additionally, the parties shall meet and confer regarding whether this matter may be resolved and whether an expedited preliminary injunction hearing is required.  The parties shall file a status report no later than 3:00 p.m. on May 20, 2013 stating whether an expedited preliminary injunction hearing is required.  If an expedited preliminary injunction hearing is required, Plaintiff shall file her Motion for Preliminary Injunction no later than 8:00 p.m. on May 20, 2013.  Defendant shall file its response no later than May 22, 2013.  The Court will then set a date for the hearing on Plaintiff's Motion for a Preliminary Injunction.  Plaintiff must serve this Order by fax and personal service upon CT Corporation, Defendants' agent of service of process, by close of business on May 17, 2013.

**IT IS SO ORDERED.**

Dated: May 17, 2013

_____
LUCY H. KOH
United States District Judge

---

[1] Plaintiff's Ex Parte Application additionally requests that, in addition to being enjoined from conducting the foreclosure sale, Defendants be enjoined from posting notices on Plaintiff's Property and "reporting erroneous and derogatory credit information."  The Court denies Plaintiff's request that Defendant's be enjoined from engaging in these acts as these activities are not likely to cause Plaintiff to suffer irreparable harm.

5

Case No.: 13-CV-01344-LHK
ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER