UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, | Case No.: 13-CV-01805-LHK |
| Plaintiff, | |
| v. | ORDER REGARDING SETTING SCHEDULE RE: PRELIMINARY INJUNCTION; ORDER REGARDING DECLARATION OF CRISTINA LING |
| JP MORGAN CHASE, N.A., et al., | |
| Defendant(s). | |

**I.   Preliminary Injunction**

On May 17, 2013, this Court granted Plaintiff's ex parte application seeking a temporary restraining order ("TRO") prohibiting Defendants from proceeding with a foreclosure sale of Plaintiff's property scheduled for May 20, 2013. ECF No. 16. In the Court's Order granting the TRO, the Court ordered the parties to meet and confer and file a status report no later than 3:00 p.m. on May 20, 2013. *Id.*

On May 20, 2013, Plaintiff's counsel filed a status report stating that the parties had not yet met and conferred because Defendants either have not yet appointed counsel or, with respect to Defendant LPS Agency ("LPS"), Defendant's counsel had not yet returned Plaintiff's counsel's phone call. ECF No. 17. Plaintiff's counsel further stated that she has received confirmation from

1

Case No.: 13-CV-01805-LHK
ORDER SETTING SCHEDULE RE: PRELIMINARY INJUNCTION; ORDER REGARDING DECLARATION OF CRISTINA LING

Defendant California Reconveyance Corporation ("CRC") that the foreclosure sale of Plaintiff's property was continued from May 20, 2013 to June 20, 2013. *Id.* Plaintiff requested that the deadline to meet and confer be extended to May 24, 2013. *Id.* Accordingly, on May 21, 2013, the Court extended the parties' deadline to meet and confer until Monday, May 27, 2013. The parties were ordered to file a status report by Tuesday, May 28, 2013, regarding their meet and confer efforts and whether an expedited preliminary injunction hearing is required. *Id.*

On May 28, 2013, Plaintiff's counsel filed a status update in which she states that she was told by an agent for Defendant JP Morgan Chase Bank N.A. that JP Morgan still has not assigned counsel to this matter. ECF No. 1-2. Plaintiff's counsel also states that, on May 24, 2013, she left a message for "Marlene" at CRC, the person whom Plaintiff's counsel has been informed is in charge of the case for CRC. *See id.* at 2. Plaintiff's counsel states that, as of May 27, 2013, Marlene had not returned Plaintiff's counsel's call. *Id.* Plaintiff requests that an injunction hearing be scheduled to occur by the foreclosure date of June 20, 2013 and that the Court enter a scheduling order. *Id.*

The Court hereby ORDERS:

1. The parties shall meet and confer regarding the need for a Preliminary Injunction by June 3, 2013 and file a status report regarding the parties' meet and confer efforts by June 4, 2013.

2. If the parties are unable to meet and confer or unable to agree upon the need for a Preliminary Injunction, Plaintiff shall file his Motion for Preliminary Injunction by June 4, 2013. Plaintiff's Motion shall not exceed 15 pages. In the Motion, Plaintiff must specifically identify the causes of action Plaintiff believes he can demonstrate a likelihood of prevailing upon, explain why Plaintiff is likely to prevail on each cause of action, and identify the evidence showing Plaintiff is likely to prevail.

3. If Defendants oppose the Motion for Preliminary Injunction, Defendants shall file their Oppositions by June 7, 2013. Defendants' Oppositions shall not exceed 15 pages. No Replies shall be permitted.

2

Case No.: 13-CV-01805-LHK
ORDER SETTING SCHEDULE RE: PRELIMINARY INJUNCTION; ORDER REGARDING DECLARATION OF CRISTINA LING

4. The hearing on Plaintiff's Motion for a Preliminary Injunction shall take place on Thursday, June 13, 2013 at 1:30 p.m.

5. By June 3, 2013, CT Corporation -- the purported agent of service of process for JP Morgan, CRC, and LPS -- shall file a declaration attesting to the fact that it is, in fact, the agent of service of process for those Defendants and has provided Defendants with copies of the Summons, Complaint, and Ex Parte Application. Plaintiff shall personally serve a copy of this Order on CT Corporation with copies for each Defendant.

## II. Declaration of Cristina Ling

On May 29, 2013, Cristina Ling, the Vice President and Assistant Operations Manager for LPS, filed a declaration stating that "LPS ASAP agrees to be bound by whatever order or judgment issued by this Court, provided such order or judgment is nonmonetary relief only." ECF No. 20, ¶ 6. Northern District of California Local Rule 3-9 requires that corporations appear through an attorney. *See* Local Rule 3-9 ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Ms. Ling does not purport to be an attorney. Accordingly, the Court cannot accept Ms. Ling's declaration unless it is filed by an attorney. Defendant LPS Agency is hereby ORDERED to retain counsel.

**IT IS SO ORDERED.**

Dated: May 30, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3
Case No.: 13-CV-01805-LHK
ORDER SETTING SCHEDULE RE: PRELIMINARY INJUNCTION; ORDER REGARDING DECLARATION OF CRISTINA LING