**BRYAN CAVE LLP**
Daniel T. Rockey, California Bar No. 178604
Goli Mahdavi, California Bar No. 245705
Lisa M. Bowman, California Bar No. 253843
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email:          daniel.rockey@bryancave.com
                goli.mahdavi@bryancave.com
                lisa.bowman@bryancave.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. and CALIFORNIA RECONVEYANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ALAN BRINKER, an individual,<br><br>       PLAINTIFF,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY; LPS AGENCY SALES AND POSTING INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C., and DOES 1 through 100, inclusive,<br><br>       DEFENDANTS. | Case No. 5:13-CV-01805 PSG<br><br>The Honorable Magistrate Judge Paul S. Grewal<br><br>**JPMORGAN CHASE BANK, N.A. AND CALIFORNIA RECONVEYANCE'S MOTION TO ENFORCE SETTLEMENT**<br><br>[Filed concurrently with [Proposed] Order and Declaration of Lisa M. Bowman]<br><br>Date:   March 3, 2015<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 5<br><br><br>Complaint Filed:   April 19, 2013<br>Trial Date:       Not Assigned |

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**TO PLAINTIFF, HIS ATTORNEY OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** on March 3, 2015 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5, located at 280 South 1st Street, San Jose, California, Defendant JPMORGAN CHASE BANK, N.A. and CALIFORNIA RECONVEYANCE COMPANY  (collectively, "Defendants") will, and hereby do, move this Court for an order to enforce the settlement entered into between Plaintiff Alan Brinker ("Plaintiff") and Defendants.

This Motion is made on the grounds that Plaintiff and Defendants agreed to settle this case following two protracted, full days of mediation, and  memorialized their agreement in a writing signed by the parties. That agreement specifically states that it is enforceable by California Civil Code 664.6 and analogous federal law. Defendants remain ready to perform; Plaintiff, however, has failed to perform and appears to be seeking additional discounts.  Specifically, Plaintiff has failed to provide the reinstatement funds in the amount and by the date the parties agreed to at the mediation and in their written agreement. Instead, Plaintiff unilaterally decided to pay Chase "based on the amounts due according to his records." Furthermore, Plaintiff's attorney has informed Defendants that she plans to withdraw, based in part upon Plaintiff's unwillingness to abide by the terms of the agreement he signed.

The Court can and should enforce the settlement pursuant to its inherent supervisory authority and order Plaintiff to comply with the terms of the settlement agreement.  This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Lisa M. Bowman  in support of Motion to Enforce Settlement, the Proposed Order, the pleadings and papers on file in this action, and such other and further matters as the Court may consider.

///

///

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1

1    This Motion is made following an attempt to meet and confer on repeated occasions

2    between November 21, 2014 and the date of the filing of this Motion.

3

4    Dated:  January 27, 2015                    **BRYAN CAVE LLP**
                                                 Daniel T. Rockey
5                                                Goli Mahdavi
                                                 Lisa M. Bowman
6

7                                       By:    _/s/ *Lisa M. Bowman*_____
                                                 Lisa M. Bowman
8                                                Attorneys for Defendants
                                                 JPMORGAN CHASE BANK, N.A.,
9                                                CALIFORNIA RECONVEYANCE
                                                 COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

2

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiff Alan Brinker ("Plaintiff") entered into a settlement of this case with Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company (collectively, "Defendants") on November 3, 2014, after two full-day, protracted mediation sessions. The settlement was memorialized in a writing signed by all parties and approved as to form by their respective counsel ("Settlement").[1]

The Settlement specifically provided that Plaintiff would pay the current reinstatement amount as of November 28, 2014,  minus a $10,000 discount. Further, the Settlement provided that Plaintiff would pay that amount by November 28, 2014.

However, on the eve of the reinstatement due date, Plaintiff began challenging the amount of reinstatement and refused to provide funds sufficient to make the payment he owed. Rather, Plaintiff submitted funds "based on the amounts due according to his records." However, the parties had no agreement to that effect.  Rather, they a had agreed throughout the mediation that the reinstatement quote was approximately $28,000—a figure Chase provided to Plaintiffs repeatedly both orally and in writing several times over a five-month period.

In short, the parties reached an agreement to settle this case that, as clearly stated in the Settlement, required Plaintiff to provide reinstatement funds by a certain date. Plaintiff signed and agreed to the terms. However, Plaintiff has not complied and instead has  repudiated the Settlement.

For the reasons discussed below, Defendants respectfully request that the Court grant their Motion to Enforce the Settlement and order Plaintiff to comply with the terms of the Settlement.[2]

---

[1]     The Settlement Term Sheet signed by all parties at the mediation is attached as Exhibit A to the Declaration of Lisa M. Bowman ("Bowman Decl.").

[2]      Defendants appreciate this Court's offer to provide a referee for another mediation and agree with the Court's statements at the recent CMC that a dispute such as this one should be resolved in about an hour under most circumstances.  However, Defendants have already spent nearly 16 hours in mediation with Plaintiff and reached an enforceable settlement that Plaintiff has chosen not to honor. Defendants believe that spending another hour in negotiations and coming up with yet another enforceable settlement that Plaintiff may refuse to honor will only waste this Court's resources and possibly lead to another need to file a motion such as this one.  Thus, they respectfully request that the Court enforce the Settlement  the parties have already reached.

MOTION TO ENFORCE SETTLEMENT

II.     **PROCEDURAL HISTORY AND JUDICIALLY NOTICEABLE FACTS**

On November 18, 1997, Plaintiff elected to refinance his mortgage, and borrowed $117,000 from Headlands Mortgage Company ("Loan"). (Ex. B.)[3]  The Loan was secured by a deed of trust ("Deed of Trust") against the real property located at 1160 N. Dutton Ave. #250, Santa Rosa, California, 95401. (Ex. B.)  Under the terms of the loan, Plaintiff was required to make payments every month. (Ex. B.)

Chase's records show that rather than make payments every month, Plaintiff skipped at least four payments. (Bowman Decl. ¶ 3.) Chase repeatedly notified Plaintiff of his arrearages but instead of responding with viable proof that he made the payments—or  making the payments that would resolve the situation—Plaintiff sent Chase nasty missives and legal threats. (Bowman Decl. ¶ 3; Ex. C.)  For example, when Chase asked for proof of some of the missing payments, Plaintiff sent a letter to Chase including some curious "Proofs of Service" for two of the four missing payments, stating that "my work in preparing the letter and proof you requested cost me three days off from my work.  My hourly rate is $92.00 an hour and therefore I am billing you for $2208.00. The amount is due within 15 days of the above date." (*Id.*)  That is, instead of responding with cancelled checks, bank statements, mail tracking information or other viable proof that he sent and/or made the payments, Plaintiff dispatched a slew of angry letters to Chase accusing it of mishandling his account and misapplying payments. (*Id.*)

As a result of the missing payments, Chase began foreclosure proceedings, as it had a right to do under the Deed of Trust. (Ex. B.)  Plaintiff then filed a 20-count, 90 page Complaint challenging the foreclosure proceeding.

To date, Plaintiff appears to believe he did not miss at least two of the payments while Chase, in turn, has no viable proof that Plaintiff ever made any of the four missing payments. (Bowman Decl. ¶ 4.)

Despite this factual disagreement, the parties decided to put their differences behind them and attempt mediation. (Bowman Decl. ¶ 5.) To that end, *on July 31, 2014*, in anticipation of their

---

[3]     All Exhibits are to the Declaration of Lisa M. Bowman.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

MOTION TO ENFORCE SETTLEMENT

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  first mediation and four months before the current dispute arose, Defendants sent Plaintiffs a

2  mediation brief that contained the latest reinstatement quote . (Bowman Decl. ¶ 5; Exh. D – July

3  2014 reinstatement quote.) That quote, for $28,180 included various line items, including $4,592

4  in Corporate Advances. (Ex. D.) The parties held a full-day mediation in August, during which

5  they came close to reaching an agreement. (Bowman Decl. ¶ 5.) They then held another eight-hour

6  mediation on November 3, 2014, which culminated in the signing of a  Settlement Term Sheet.

7  (Bowman Decl. ¶ 5; Ex. A.)

8       At the November 3 mediation, Defendants and the mediator informed Plaintiff that the

9  total reinstatement amount would be approximately $28,000 (before subtracting the $10,000),

10  pursuant to the quote they provided to Plaintiff on July 31. (Bowman Decl. ¶ 6.) Defendants also

11  informed Plaintiffs that it would provide the exact reinstatement quote for November, but that

12  amount should not change too much from the $28,000 figure because Plaintiff had been paying on

13  his loan.  (Bowman Decl. ¶ 6.) The parties all agreed to this and signed the Settlement Term Sheet,

14  which specifically stated that "Plaintiff will reinstate the loan secured by the property at 853 J

15  West California Avenue, Sunnyvale, CA ("Loan") by paying to Chase the current reinstatement

16  amount minus the $10,000 credit by no later than November 28, 2014." The parties filed a Joint

17  Notice Regarding Settlement with the Court on November 11, 2014. (*See* Dkt. 116.)

18       On November 20, eight days before the reinstatement was due, Defendants sent Plaintiff a

19  reinstatement quote of $26,338, *a number nearly two-thousand dollars less* than the amount the

20  parties had agreed to.( Bowman Decl. ¶ 7; Ex. E.) This quote contained the same Corporate

21  Advance figure Defendants had provided five months earlier and had gone unchallenged.

22  (Compare Ex. D with Ex. E.)

23       On the eve of his obligation to pay the reinstatement amount—and despite having had the

24  details for more than four months—Plaintiff challenged the Corporate Advance  line item on the

25  reinstatement figure and *refused to reinstate*. (Bowman Decl. ¶ 8.) Defendants informed Plaintiff

26  that: (1) the line-item encompassed inspection and other foreclosure-related expenses, (2) Plaintiff

27  had possessed the information since July, and (3) it was irrelevant at any rate because, pursuant to

28  the $10,000 discount contained in the Settlement Term Sheet, Chase had waived well more than

5

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    the line item in order to reach a settlement and avoid expending resources on this meritless

2    litigation. (Bowman Decl. ¶ 8.)

3          In response, Plaintiff's counsel then offered to reinstate the loan on November 28, 2014, if

4    Defendants would provide a further breakdown of the line item on December 1, 2014. (Bowman

5    Decl. ¶ 9.) Despite the fact that the line item in question had been waived as part of the settlement,

6    Defendants agreed to do so provided that Plaintiff reinstate by the November 28, 2014, deadline

7    the parties agreed to when they signed their Settlement Term Sheet.  (Bowman Decl. ¶ 9.)

8    Plaintiff, however, failed to honor either the first or the second agreement he entered into to

9    reinstate the loan. Rather, Plaintiff sent money to reinstate "based on the amounts due according to

10   his records." (*See* Docket 127.)  That is, Plaintiff wired just $8,473 of the $16,338 owed to

11   reinstate, leaving a $7,865 balance owing as of November 28, 2014. (Bowman Decl. ¶ 9.)

12         It is clear from the Settlement Term Sheet that the parties did not agree to calculate a

13   reinstatement amount based Plaintiff's "records". Rather, the parties agreed that Plaintiff would

14   reinstate the loan "by paying to Chase *the current reinstatement amount* minus the $10,000 credit

15   by no later than November 28, 2014." (Ex. A  [emphasis added].) As noted above, Chase provided

16   the current reinstatement amount to Plaintiff, but he refused to honor it.

17         Plaintiff, it appears, is seeking additional discounts that were not contemplated when the

18   parties signed the Settlement Term Sheet after Defendants' good faith efforts to resolve the case.

19   (Bowman Decl. ¶  10.) He may also be seeking to repudiate the Settlement Term Sheet he signed

20   following hours and hours of mediation. (*Id.*)

21         Defendants, as such, appear to have no choice by to move to enforce the Settlement. (*Id.*) [4]

22   **III.    THE COURT CAN AND SHOULD ENFORCE THE SETTLEMENT**

23         **AGREEMENT.**

24         **A.    The Court Has Inherent Authority to Enforce the Terms of A Settlement.**

25         "It is well settled that a district court has the equitable power to enforce summarily an

26   _____

27   [4]     Strangely, Plaintiff also has threatened to move to enforce the Settlement Agreement. (See Docket 127.)      If
     Plaintiff really intends to honor the agreement he signed, then he should do so and Chase is standing by ready to

28   perform the terms, including providing the discount to reinstate the loan and the cash payment dictated in the
     Settlement Term Sheet.

28

1  agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987);

2  *see also Wilkinson v. FBI*, 922 F. 2d 555, 557 (9th Cir. 1991) ("District courts have the inherent

3  power to enforce settlement agreements.") (citing *In re Suchy*, 786 F.2d 900, 902–03 (9th Cir.

4  1985); *In re Springpark Assoc.*, 623 F.2d 1377, 1380 (9th Cir.) (superseded on other grounds by

5  statute, as stated in *In re Villa Madrid*, 110 B.R. 919, 922 n. 3 (9th Cir. BAP. 1990)), *cert. denied*,

6  449 U.S. 956 (1980)).

7          The Court should enforce a settlement agreement if two requirements are met.  First, the

8  "existence of or terms of an agreement" must not be in dispute.  *Callie*, 829 F.2d at 890 (holding

9  that if there is such a dispute, "the parties must be allowed an evidentiary hearing").  Second, the

10  parties "must have either agreed to the terms of the settlement or authorized their respective

11  counsel to settle the dispute." *McCovey v. Pacific Lumber Co.*, 1992 U.S. Dist. LEXIS 10678, at

12  *6–7 (N.D. Cal. May 29, 1992) (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1145 (9th

13  Cir. 1977) (per curiam)); *see also Salinas v. Lavender Inv., Inc.*, No. 09-cv-04541-HRL, 2011 WL

14  1675002, at *1 (N.D. Cal. May 4, 2011) (ordering enforcement of two settlement agreements and

15  citing the above-cited authorities with approval).

16      **B.      The Written and Executed Settlement Agreement Satisfies the Conditions**

17              **Precedent to Enforcement.**

18          As discussed above, the parties memorialized their settlement in writing. (Ex. A.)  Where,

19  as here, there is a written agreement containing all the terms of the parties' settlement terms,

20  which is signed and dated by the party against whom enforcement is sought, both conditions

21  precedent to enforcement are met.  (Ex. A.)

22          Because Plaintiff personally consented to and signed the agreement, it is enforceable. *Cf.

23  Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137 (9th Cir. 2002). Plaintiff does not specifically deny

24  signing the Settlement  nor can he. Nor can he escape enforcement of the Settlement by claiming

25  he did not know about the reinstatement quote. On the contrary, he had had it in his possession for

26  nearly five months before the time to reinstate.

27          Contracting parties have a duty to read a contract, and are presumed to have done so if they

28  sign a contract.  *See Williams v. Cal. Physicians' Serv.*, 72 Cal. App. 4th 722, 739 (1999); *see also

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

7

28

1   *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1123–24 (2006) (enforcing contractual

2   provision despite claim not to have read it); *see generally* 1 Witkin, *Summary of Cal. Law*, § 118,

3   p. 157 (10th ed. 2005). Here, Plaintiff signed a Settlement Term Sheet that specifically provided

4   that Plaintiff would pay "Chase *the current reinstatement amount* minus the $10,000 credit by no

5   later than November 28, 2014". He also was informed throughout the mediation and in the months

6   beforehand that the reinstatement would be approximately $28,000.

7        Accordingly, the Court can and should enforce the terms of the parties' Settlement

8   pursuant to the signed Agreement, including paying the $7,865 balance owing to reinstate.

9   **IV.**    **CONCLUSION**

10        For the reasons stated above, Defendants respectfully request that the Court grant their

11   Motion to Enforce Settlement and order Plaintiff to comply with the terms of the parties'

12   Agreement.

13   Dated: January 27, 2015           **BRYAN CAVE LLP**

14                         Daniel T. Rockey
                            Goli Mahdavi

15                         Lisa M. Bowman

16                  By:   */s/ Lisa M. Bowman*

17                         Lisa M. Bowman
                        Attorneys for Defendants

18                         JPMORGAN CHASE BANK, N.A.,
                        CALIFORNIA RECONVEYANCE

19                         COMPANY

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

8

28