UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JP MORGAN CHASE N.A., et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01805-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket No. 157)** |

　　　　In November 2014, Plaintiff Alan Brinker and Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company reached a settlement.[1]  In April of this year, the court issued an order enforcing that settlement.[2]  And yet—six months after the court's order, and nearly a year after the parties settled—this case remains on the docket.  Now before the court is a motion by Defendants to dismiss the case pursuant to Fed. R. Civ. P. 41(b).[3]  Defendants argue that Brinker has failed to comply with the court's order enforcing the settlement.  Brinker opposes, claiming that Defendants are the ones who have not held up their end of the bargain.[4]  For the reasons set forth below, the court GRANTS Defendants' motion.

　　　　Defendants have now offered a settlement contract that comports with the term sheet that Brinker agreed to in 2014, but Brinker nevertheless refuses to sign.  Brinker objects to Chase's

---

[1] *See* Docket No. 116.

[2] *See* Docket No. 148.

[3] *See* Docket No. 157.

[4] *See* Docket No. 163.

1
Case No. 13-cv-01805-PSG
ORDER GRANTING MOTION TO DISMISS

refusal to repair his credit until he submits proof acceptable to Chase, but the term sheet contained exactly the same language.[5] He argues that Chase should first provide a detailed accounting, but the court has already ordered that this is not necessary.[6] He claims that the settlement agreement should not release his claims against any Defendant other than Chase, but his own notice of settlement included exactly that release.[7] Brinker raises several complaints about other conditions of the settlement agreement, but none of these renders the settlement agreement materially different from the term sheet that Brinker already has signed. The court finds that Brinker's failure to sign the settlement agreement is unjustified—and, therefore, so is his failure to obey the court's order.

In *Ferdik v. Bonzelet*, the Ninth Circuit listed the factors that a court should consider in deciding whether to dismiss a case for failure to comply with a court order.[8] They include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."[9] These factors strongly favor dismissal. The case has remained pending for almost a year after the parties settled it. Defendants have incurred, and continue to incur, substantial costs in trying to enforce the settlement. And the court has pursued less drastic alternatives, including ordering Brinker to sign the settlement, to no avail. At this point, the court's—and Defendants'—only remaining remedy for Brinker's intransigence is dismissing the case. The case is DISMISSED with prejudice.

---

[5] *See* Docket No. 130-1, Ex. A at 1 ("Upon submission of proof acceptable to Chase, Chase will submit updated information to credit reporting agencies.").

[6] *See* Docket No. 148 at 10-11.

[7] *See* Docket No. 116 at 1 ("Plaintiff Alan Brinker and Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company have reached a settlement as to the above-captioned matter which will resolve all causes of action against all remaining defendants.").

[8] 963 F.2d 1258, 1260-61 (9th Cir. 1992).

[9] *Id.* (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).

1 **SO ORDERED.**

2 Dated: October 28, 2015

3 _____
PAUL S. GREWAL
4 United States Magistrate Judge

3

Case No. 13-cv-01805-PSG
ORDER GRANTING MOTION TO DISMISS