UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>       Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE N.A., et al.,<br><br>       Defendants. | Case No. 13-cv-01805-PSG<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT**<br><br>**(Re: Docket No. 172)** |

       In November 2014, Plaintiff Alan Brinker and Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company settled this case.[1]  Five months later, with this case still on its docket, the court issued an order enforcing that settlement.[2]  And after six more months, in light of Brinker's continued refusal to sign an agreement in accordance with the settlement, the court finally dismissed Brinker's complaint[3] and entered judgment against him.[4]  Now, Brinker asks the court to revisit its decision under Fed. R. Civ. P. 59(e) and 60(b).[5]

       A court should alter or amend a judgment only in rare circumstances.  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial

---

[1] *See* Docket No. 116.

[2] *See* Docket No. 148.

[3] *See* Docket No. 170.

[4] *See* Docket No. 171.

[5] *See* Docket No. 172.

1
Case No. 13-cv-01805-PSG
ORDER DENYING MOTION TO ALTER JUDGMENT

resources.'"[6]  Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[7]  Similarly, "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'"[8]

Instead of addressing the standards under Rule 59 or Rule 60, Brinker argues simply that the judgment was too harsh.  A district court may dismiss an action with prejudice "[f]or failure of the plaintiff to prosecute or to comply with any order of court."[9]  As the court explained in dismissing the case, Brinker has never given a plausible justification for failing to obey the court's order,[10] and he offers nothing new here.

Moreover, "the court has pursued less drastic alternatives, including ordering Brinker to sign the settlement, to no avail."[11]  Even after Brinker filed this motion, the court gave him yet another chance to sign an agreement, this one based on his own proposal.[12]  He again spurned that opportunity.[13]  And while Brinker points to his pro se status at one point during this case, the record is clear that he has been represented by not one but two attorneys during these events.[14]

---

[6] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 Moore's Federal Practice § 59.30[4]).

[7] *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[8] *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); Fed. R. Civ. P. 60(b).

[9] Fed. R. Civ. P. 41(b).

[10] *See* Docket No. 170 at 1-2.

[11] *Id.* at 2.

[12] *See* Docket No. 177.

[13] *See* Docket No. 183.

2
Case No. 13-cv-01805-PSG
ORDER DENYING MOTION TO ALTER JUDGMENT

Because Brinker has not shown that he is entitled to the "extraordinary remedy" of an altered judgment,[15] the motion is DENIED.

**SO ORDERED.**

Dated: March 28, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See* Docket No. 8 at ¶ 1; Docket No. 172-2 at ¶ 1.

[15] *Id.* (quoting 12 Moore's Federal Practice § 59.30[4]).