UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BRINKER,<br><br>          Plaintiff,<br><br>     v.<br><br>JP MORGAN CHASE N.A., et al.,<br><br>          Defendants. | Case No. 13-cv-01805-PSG<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS FOR APPEAL**<br><br>**(Re:  Docket No. 186)** |

In November 2014, Plaintiff Alan Brinker and Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company settled this case.[1]  Five months later, with this case still on its docket, the court issued an order enforcing that settlement.[2]  After six more months, in light of Brinker's continued refusal to sign an agreement in accordance with the settlement, the court finally dismissed Brinker's complaint[3] and entered judgment against him.[4]  And earlier this year, the court denied Brinker's motion to reopen the case.[5]  Brinker now requests leave to appeal each of these orders in forma pauperis.[6]

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial

---

[1] *See* Docket No. 116.

[2] *See* Docket No. 148.

[3] *See* Docket No. 170.

[4] *See* Docket No. 171.

[5] *See* Docket No. 184.

[6] *See* Docket No. 186.

1
Case No. 13-cv-01805-PSG
ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS FOR APPEAL

court certifies in writing that it is not taken in good faith." Courts in this district have determined that "not taken in good faith" means "frivolous."[7] If the appeal as a whole is frivolous, IFP status should not be granted.[8]

For over a year, Brinker consistently has refused to abide by the terms of the settlement to which he agreed.[9] The court's order enforcing the settlement[10] made no difference. Even after the court dismissed his case and entered judgment, it gave Brinker one last chance to sign a settlement agreement.[11] He again declined that opportunity.[12] Brinker has yet to present any compelling argument that he is entitled to relief of any kind, and the court sees no reason that he can do so on appeal. Moreover, in light of Brinker's sustained intransigence, the court can only conclude that this appeal is nothing more than an attempt to prolong the case in hopes of securing a more favorable settlement. Because the court finds that the appeal is frivolous and not taken in good faith, the motion is DENIED.

**SO ORDERED.**

Dated: May 5, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See Morris v. Lewis*, Case No. 4:10-cv-5640-CRB-PR, 2012 WL 1549535, at *3 (N.D. Cal. Apr. 30, 2012) (quoting *Ellis v. United States*, 356 U.S. 674, 674-75 (1958)) (finding an appeal to be frivolous where it had no valid grounds on which it was based and equating "frivolous" to mean not "taken in good faith").

[8] *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that 28 U.S.C. § 1915(a) requires IFP status to be authorized for an appeal as a whole and not on a piecemeal basis).

[9] *See* Docket No. 116.

[10] *See* Docket No. 148.

[11] *See* Docket No. 177.

[12] *See* Docket No. 183.